IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| ORO INVESTMENTS LLC<br>*Plaintiff,* | §<br>§<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO. 3:25-cv-00233 |
| NATIONWIDE AFFINITY<br>INSURANCE COMPANY<br>*Defendant.* | §<br>§<br>§<br>§ | |

## NOTICE OF REMOVAL

Defendant Nationwide Affinity Insurance Company of America, incorrectly named as "Nationwide Affinity Insurance Company" ("Defendant"), through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, files this Notice of Removal of the lawsuit captioned *Oro Investments LLC v. Nationwide Affinity Insurance Company*; Cause No. 2025DCV2547; In the 205th Judicial District of El Paso County, Texas.

## I.
## BACKGROUND

1. Plaintiff Oro Investments LLC (hereinafter "Plaintiff") initiated the present action by filing its Original Petition in Cause No. 2025DCV2547; In the 205th Judicial District of El Paso County, Texas on June 2, 2025 (the "State Court Action"). *See* Plaintiff's Original Petition with Citation, attached as **Exhibit A**.

2. Defendant appeared and answered on June 27, 2025, asserting a general denial to the claims and allegations made in Plaintiff's Original Petition. *See* Defendant's Original Answer, attached as **Exhibit B**.

3. Pursuant to 28 USC § 1446(a) a copy of all process, pleadings, and orders served upon Defendant in the State Court Action are incorporated in **Exhibit A**. A full copy of the state

court file has been requested and will be filed upon receipt. The State Court Action docket sheet is attached as **Exhibit C.**

4. Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Defendant will give written notice of the removal to Plaintiff through its attorney of record, and to the clerk of the 205th Judicial District of El Paso County, Texas.

5. Pursuant to 28 USC §§ 1446(b)(1) and 1446(c)(1) this Notice of Removal has been timely filed within 30 days of service on Defendant of Plaintiff's Original Petition and less than one year after the commencement of this action.

## II.
## JURISDICTION

6. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and the matter is removable to this Court pursuant to 28 U.S.C. § 1441 because there is complete diversity of citizenship between the properly joined parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

**A.     Diversity of Parties**

7. Plaintiff is a limited liability company. Citizenship of a limited liability company is determined by the citizenship of all of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Based on a diligent search of publicly available information, the sole members of Oro Investments LLC are George R. Dipp, Cristina Dipp, George M. Dipp and Elizabeth Dipp Metzger. After a diligent search of publicly available information, George R. Dipp, Cristina Dipp, George M. Dipp, and Elizabeth Dipp Metzger are each individuals residing in Texas and who have the requisite intent to establish Texas as their respective present and future domicile. No other members of Oro Investments LLC were discovered through a diligent

search and review of publicly available records and Defendant has no reason to believe that any members share the citizenship of Defendant. Pursuant to 28 U.S.C. § 1332(a), therefore, Plaintiff is a citizen of the State of Texas.

8. Defendant Nationwide Affinity Insurance Company of America is a corporation organized under the laws of Ohio and maintains its principal place of business in Ohio. Pursuant to 28 U.S.C. § 1332(c)(1), therefore, Nationwide is a citizen of the State of Ohio.

9. Accordingly, there is complete diversity between the parties pursuant to 28 U.S.C. § 1332(a).

**B.   Amount in Controversy**

10. The amount in controversy in this case exceeds $75,000 rendering removal under 28 U.S.C. § 1332 proper. Generally, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2); *see also Santiago v. State Farm Lloyds*, No. 7:13-CV-83, 2013 WL 1880845, at *1 (S.D. Tex. May 3, 2013). Removal is proper if it is "facially apparent" from the complaint that the claims asserted exceed the jurisdictional amount. *Puckitt v. Wells Fargo Bank, N.A.*, No. G-09-0056, 2010 WL 2635626, at *3 (S.D. Tex. June 28, 2010) (citing *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)). Penalties, exemplary damages, and attorneys' fees are included as part of the amount in controversy. *See H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 330 (5th Cir. 2000); *see also St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998).

11. Here, Plaintiff seeks "monetary relief of more than $250,000.00 but less than $1,000,000.00, excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs." **Exhibit A**, Plaintiff's Original Petition with Citation, at ¶ 4. In addition, Plaintiff seeks "actual damages, policy benefits, pre-judgment interest, post-judgment interest,

3

consequential damages, court costs, attorneys' fees, treble damages, statutory interest, and exemplary damages." *Id.* at ¶ 61. The threshold for diversity jurisdiction, $75,000, is therefore met by the allegations of Plaintiff's Original Petition.

12. The amount in controversy plainly exceeds $75,000, exclusive of interest and costs. Accordingly, the amount in controversy requirement of 28 U.S.C. § 1332(b) is satisfied.

## III.
## CONCLUSION

13. Removal of this action under 28 U.S.C. § 1441 is proper as the district courts of the United States have original jurisdiction over the matter pursuant to 28 U.S.C. § 1332, and as all requirements for removal under 28 U.S.C. § 1446 have been met.

14. WHEREFORE, Defendant hereby provides notice that this action is duly removed.

Respectfully submitted,

*/s/ Patrick M. Kemp*
Patrick M. Kemp
Texas Bar No. 24043751
pkemp@smsm.com
Robert G. Wall
Texas Bar No. 24072411
rwall@smsm.com
Segal McCambridge Singer & Mahoney
100 Congress Ave., Ste. 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 – Facsimile

**ATTORNEYS FOR DEFENDANT**

5

**CERTIFICATE OF SERVICE**

      This is to certify that a true and correct copy of the foregoing instrument has been served electronically via e-mail and Certified Mail this the 27th day of June, 2025 to:

| | |
|---|---|
| Michael E. Cooper | *#9414 7266 9904 2224 3255 02* |
| Shaun W. Hodge | |
| The Hodge Law Firm, PLLC | |
| 1301 Market St. | |
| Galveston, Texas 77550 | |
| mcooper@hodgefirm.com | |
| shodge@hodgefirm.com | |

                                */s/ Patrick M. Kemp*
                                Patrick M. Kemp